ADOPTION OF VIDAL (and a companion case[1]). No. 02-P-831. November 12, 2002. *Adoption,* Dispensing with parent's consent. *Department of Social Services. Evidence,* Business record, Public documents, Child custody proceeding.

The biological mother's parental rights were terminated pursuant to G. L. c. 210, § 3, and she appeals[2] claiming that (1) a report prepared by a social worker employed by DARE Family Services, Inc. (DARE), was improperly admitted in evidence, and (2) the trial judge's findings and ultimate conclusions were not supported by clear and convincing evidence. We affirm.

1. *The DARE report.* DARE is a specialized foster care agency which serves children who have failed in the regular foster care system provided by the State or who are in need of a higher level of care. The Department of Social Services (DSS) contracts and requests DARE's services. The services DARE provides to DSS include assessments of the needs of children, such as the assessment at issue in the present case. See 110 Code Mass. Regs. §§ 4.03, 7.002 (1993).

Service plans, case reviews, and foster care reviews kept as records of DSS are admissible, with some limitations, as records of a public agency. *Adoption of George*, 27 Mass. App. Ct. 265, 271-274 (1989).[3] Requiring the author to appear in court to testify about what was contained in a record would "ill serve the interests of the parties or the court . . . . To do so would not only be extremely time consuming but would be artificial. The professional with a heavy case load is unlikely to have accurate memory of the details of a particular case — routine at the time — except as recorded in case memoranda required by regulation." *Id.* at 273.

An assessment completed by one employed by an organization under contract with DSS is the functional equivalent of an assessment undertaken by a person employed directly by DSS. As a service provider for DSS, DARE is

---

[1]Adoption of Eliot. Both children's names are pseudonyms.

[2]The father desired that the children be adopted. He never appeared for trial and is not a party to this appeal.

[3]Upon motion by a party, a judge should review the document and screen out "expressions of opinion, evaluation, or judgment." See *Adoption of George, supra* at 274.

required, in its handling of a case, to provide assessments and reviews, just as a DSS social worker is required to do in connection with a case handled in-house. The relevant State regulation provides that "[a]ll written contracts between the Department and any provider shall obligate the provider to comply with all of 110 CMR, service delivery standards, and policies." 110 Code Mass. Regs. § 7.002(3) (1993). The assessment here was completed by a DARE licensed social worker. As in *Adoption of George*, "[i]t would be anomalous to require keeping of these records on the one hand while requiring that they be entirely ignored on the other when the case is under judicial review." *Id.* at 272.

Further, not only was the author of the report available to testify, she in fact did testify. The mother, thus, had the opportunity to cross-examine and rebut any adverse or erroneous material contained in the report.[4]

2. *Sufficiency of the evidence.* The judge's findings and conclusions were more than sufficient to demonstrate the mother's unfitness to act as a parent. Her history of violence, the shortcomings of her visits with her children, her failure to successfully address her needs and the needs of her children, the chaos and unsafe conditions of the home, her failure to successfully complete her service plan, her lack of a support network, and her manifestations of mental illness "proved parental unfitness by clear and convincing evidence." See *Custody of Eleanor*, 414 Mass. 795, 802 (1993).

Counsel for the mother has argued on appeal that the lack of authoritative expert testimony about the clinical details of the mother's mental health rendered the trial judge unable to find that the mother was mentally ill. We think the objective details of aberrant conduct by the mother, as well as reports of episodes of mental illness, were adequate to support a finding by the judge that the mother experienced periodic episodes of mental illness.

*Decrees affirmed.*

*Claudia Leis Bolgen* for the mother.
*Brian Pariser* for Department of Social Services.
*Kevin D. Ainsworth* for the children.


---

[4]"To the extent that the source of information in a document of the sort here in question is available for cross-examination, more leeway may be afforded material that smacks of opinion, evaluation, or judgment." *Adoption of George, supra* at 271-272.

